morning everyone good morning good day beautiful up here let's see I'm gonna call the cases just they appear on the calendar if you are if you hear the appellant and you wish to reserve time that's fine the clock is counting down the first case on our calendar is tonight in race and I but that matter has been submitted on the brief so for argument we turn to United States versus Lamont good morning may it please the court I'm Dan Donovan from Great Falls and I represent mr. Lamont if you look to the statute here that's 18 USC 113 subpart 4 there's a crime called assault by wounding and if you go down to sub 8 is a crime mr. Lamont was convicted of assault by strangling what happened here my client was convicted of wounded by strangling the word assaults not even in there and it combined two of the subsections of the statute now wasn't that wasn't that an error in your favor counsel there's no wounding a subset of assault well could be given the judge actually gave a narrower definition to the jury in others you're gonna have to find him that you're gonna have to find that he wounded that he wounded the victim rather than just assaulted her well I think one problem there your honor is that there were red marks on on the victim's neck which could be considered a wound so that he could have been convicted of wounding her without strangling her really but but how could you've been convicted well the judge didn't didn't eliminate the strangling requirement only the assault requirement no and I think that was the answer to judge Biby's question no is in the judge did give instruction number seven right on strangling he gave the definition of strangling so that's a yes the judge did not eliminate the strangling instruction if I'm understanding it correctly I just want to make sure I got the answer to this question okay he just swapped he well so why isn't that an error in your favor well I why is it planar that's a better question but I thought it was actually pretty good I'm sorry but I'm sorry the the definition of strangling I contend complicates the case because what happens is that terms defined as a subsection and I'm thinking back to more than 40 years ago when I went to law school and professor drummed into my head that act lesson 10 equals crime and if you look at the definition of strangling in the statute it contains intent as well as an act and if you break down strangling in and of itself which I tried to do for this argument there be three elements first the defendant impeded the normal breathing or circulation of the blood of a person second the defendant did so by applying pressure to the throat or neck third the defendant acted intentionally knowingly or recklessly okay the first problem is there's no assault in there but may the real problem is and looking back on on many years of practicing in federal court as well in Montana State Court every criminal case I've been involved in the court the judge presents a jury the elements of the offense so here strangling has certain elements which weren't broken down and I suppose you could say on plain air well it wasn't objected to so the jury musta must have found him guilty of strangling without going through each element but I think that's a problem here particularly when the definition of strangling uses these mental terms intentionally knowingly or recklessly the council can the government proposed this instruction it was number 16 that the defendant assaulted the victim by intentionally striking or wounding her right and then wound up giving the instruction that that we're talking about today that includes the word wound so either way that that word was there it wasn't a sneak attack seems like there was an opportunity to object to it I shared judge by these concern that if anything it seems to me that by including the word wound the that really the bar was raised it was made tougher for the government but setting that aside for a minute there's there's there's no objection to this I that I can find in the record it seems to me that you'd have to show this is plain air why is it plain air well I can't speak for trial counsel but I get back to the station I think the government injected the air by striking because that's a separate category and that was not alleged in the indictment either it was who inserted the word wounded well the judge the judge did and there's no objection of that yeah but he did it that the proffered instruction from the government included the word wound and there was no objection there the government and the judge as you said then comes up with this instruction wounded and no objection right there's no objection and and I think the judge tried to make a correction and I'm saying it was wrong but but I think he realized that the government's proposed instruction which wasn't objected to was agreed to essentially but even you know just could you go back to your argument that you were addressing with judge the baby which is are you saying that that there was no evidence to support the notion that that she was wounded the victim was wounded is that your argument well there is evidence that she was wounded just if you caught if you call a red mark on a neck I definitely a wound although wounds not defined by by the stature by the instructions but common sense suggested she was wounded correct I mean it's a battery right the judge baby was right that's a battery right doesn't a battery encompass assault well that's that's the government's argument I guess I just don't buy it but why not I mean if you want to go back to first year law school which was for me was about I won't say how ancient times right well I remember from criminal law that what little there I remember that you know battery usually included in assault I I just if you look at the statute uses assault and all the nice circuit stock form definitions use assault and then you bring in wound during the course of the trial I just think that's air how about you had another argument you want to address that well this gets into there's been no determination that I know by a court whether or not assault by strangling us is a specific intent time crime or our intent and the government included and maybe didn't have to I'm not even sure but they included the words intentionally in the indictment and so my argument is by including the words intentionally that made the other words in the in the in the in the statute knowingly or recklessly yes they included intentionally in the indictment and therefore they also include the words knowingly and recklessly those are the words of the statute I realize that your honor and I think that creates another problem because the government charge intentionally although the again no objection strangling was defined with all three mental elements so the jury could have found mr. Lamont guilty of wreck of a reckless act that would that would make him guilty under the statute right so what's the problem well he was it was alleged to be intentionally and acting recklessly but again if anything the government it seems to me it's working against itself here there's no objection to instruction number seven which says strangling means intentionally knowingly or recklessly you can strangle somebody by recklessly impeding their airflow under the statute right that's correct your honor so so I'm not understanding how this how the defendant was prejudiced by this the government alleged intentionally in the assault by strangling and and then the definition strangling includes other mental elements that weren't alleged in the indictment which are which are less burdensome to prove right correct your honor okay and the government claims that surplus age but I don't see how it could be surpluses when the definition of strangling has three mental elements and getting back to what I said a few minutes ago I think the way this statute is worded it just confuses everything and I can tend to confuse a jury and that's why there's plain error here there has to be confusion with the jury I'm admittedly confused myself but I was I wasn't there at the time of the trial just in reading the the jury instructions and reading the transcript and everything else why don't why don't we see if the government can enlighten us all right maybe help all right thank you on alleviate any confusion good morning your honors Ryan Weldon appearing on use of the word intentional and just explain that for the court in the indictment there was the use of the word intentionally assaulted and in fact the jury instruction made it more difficult on the government because we were not required to just simply prove an assault we had to prove an actual wounding and of course under the strangulation statute you don't even need to prove that there was an actual injury under the definition but the right but but now you've kind of shifted ground just a little bit so did the indictment also allege that that that the strangling strangulation might have been recklessly performed it did so because it used the term strangling which of course encompasses I would say intentionally strangled it did your honor okay did it say recklessly strangled it did not it did not so there there were three choices there under the statute that's when you chose you chose one of them and omitted the other two in the indictment yes your honor and in in this case we were talking about an intentional act and of course the the intentional act being strangling correct your honor and so the use of the word intentionally in that statute if that if the if Congress had used that word only then this likely would have been a specific intent crime by by including the word recklessly Congress appears to have broadened it to uncover both specific intent and general intent crimes but you only alleged a specific intent crime well no we did not allege a specific intent crime we allege that the important distinction for that is that the result if you allege that the result is intentional that would be a specific intent crime we're alleging that the act is intentional and we cited this in our brief and I think the the case that makes it the clearest is the skeet case and that's the example where you have can you make it a general intent crime a specific intent crime by the way you've alleged it in the indictment no you can't well I think the easy argument for that is that it would be mere surplus age and that is also cited in well if we say that it's intentional then of course if that's a heightened standard you can always prove the lesser standard based on the indictment language so when you said intentionally assaulted JF in the indictment you meant that he his acts were willful no I did not I mean what we meant were that his actions were intentional in other words they were not a mistake he didn't tended to strangle her correct he didn't count one was intentionally assault by strangling correct as opposed to count to just we're just focusing on count one correct okay so a minute ago you said we alleged intentionally assaulted her and I'm understanding you to mean maybe we just cut you off but I think that the indictment said intentionally assault by strangulation is that right that's exactly right it says intentionally assaulted JF an intimate partner or dating partner of the defendant by strangling okay so can you get back to judge bias this question then about why this language is surpluses surpluses if you what you charge him was was an intentional act right and and so I guess I think we're starting to and I don't want to confuse the court or cause any problems I am alleging not an intentional a specific intent crime we are alleging an intentional act right and then and and and strangulation can be performed recklessly yes it can statute and there was and that's in jury instruction number seven correct which we had no objection yes your honor okay so the surplus each is intentional well I think that first of all and you can see this and the reason we did this that's a surplus each I don't think it's surplus what's what I'm saying is that you have to have an intentional act in order to have an assault I can't trip and accidentally fall and then assault someone and the skeet case I think provides the court with the best example of that where the issue was an individual who shot another man it actually went through his neck the bullet and the argument was whether or not him falling back and pulling the trigger was an intentional act and of course the charged conduct was assault resulting in serious bodily injury was it which is a general intent crime why didn't you just allege assault to JF an intimate and dating partner by strangling JF because then I could potentially be here saying that I didn't allege an intentional act even though we're talking about seems to me you made this really hard for yourself yes yes and I I do I understand that when we have to do this again and we I will not be using the word intentional and if I could just to explain to the court a little bit when you have count one the strangling and I know that there was the mistrial on count two for the assault resulting in serious bodily injury but just to explain the rationale for the court in count two as well when you have assault resulting in serious bodily injury there's no mental state or definition in terms of intentionally recklessly or knowingly for assault resulting in serious bodily injury the government will alleged intentionally because you have to have an assault resulting in serious bodily injury that's intentional the act must be intentional it can't and count two is not an issue here yes it is but I just wanted the court to be aware of it's not you mean no it's not it is not an issue I just wanted the court to be aware of that that's why the government alleged it in this particular way but as to mr. Lamont he actually received the benefit throughout the entire trial I mean we were required to prove the wounding in an assault can occur regardless of whether or not there is as an injury of any kind and here mr. Lamont actually had to have the injury and of course when we have the terms intentional the one example that I would provide for the court is with the second-degree murder and the malice of forethought where there must be killing either deliberately and intentionally or recklessly with extreme disregard and so those terms are already used in your jurisprudence and that's the exact same scenario here where you have intentional and deliberate and then you also have knowingly and recklessly did you suggest to the judge that he include the word in instruction number six well I I suppose I did suggest that to him by my proposal to the court when I said intentionally striking or wounding her correct yeah and so use that he did not and that's when he followed up and what they what judge Morris did is he basically combined my proposed elements three and four and put them into the defendant intentionally wounded JF by I made it more difficult on myself which was to the benefit of mr. Lamont sometimes I'm a glutton for punishment I I know that we do not need to actually establish an injury in order for there to be a strangulation what I would propose for the court if this was something in terms of formulating an opinion is that it would be sufficient to simply say the defendant assaulted JF by strangling her that's what the statute says right yes it does and so it would probably be best to just follow that and then the follow-up to that would be then you define strangling by just referring to it and you have the intentionally knowingly and recklessly once that definition is proposed the reason I state that is that this case it was tailored to the specific facts the reason there was no objection from the government is ultimately at the end it didn't matter because we did have a wounding and so judge Morris correct so the case I don't however want the court to be left with the impression that every strangulation there must be a wounding and an injury if there are no further questions your honor I will sit down you said you're a glutton for punishment I have two minutes left thank you for your time your honor had a just like to make one short point again if you get back to the statutory definition of strangling it specifically says it doesn't matter if there's any intent to kill or basically an intent to seriously injure but I contend the way it reads there has to be a specific intent to strangle basically a specific intent to impede the normal breathing or circulation of blood which I think is the essence of strangling so why does there have to be in this I mean we just covered that the statute permits conviction upon a showing of reckless strangling so we're getting back to what happened here is it because of the indictment is that the basis they they included the the word intentionally and and okay the words knowingly and recklessly weren't mentioned the indictment thank you that's all I have thank you very much thank you counsel
judges: Paez, Bybee, Christen